27 C.C.P.A.(Patents)

## MARTORELLI v. ATLANTIC MACARONI CO., Inc.

### Patent Appeal No. 4248.

Court of Customs and Patent Appeals.

May 6, 1940.

Charles R. Allen, of Washington, D. C., and Howard P. King, of New York City (Jay Cohen, of New York City, of counsel), for appellant.

Vincent J. Malone, of New York City (Platt W. Dockery and John A. Bross, both of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents reversing, in part, that of the Examiner of Interferences in a proceeding instituted by the Atlantic Macaroni Company, Inc., seeking to have cancelled certain trade-marks originally registered in the name of Raffaele Martorelli and by him assigned to Caruso Products Distributing Corporation.

Originally, appellee in its petition, filed November 30, 1936, sought cancellation of three registrations numbered, respectively, 167,732, 170,703, and 186,861. As to No. 170,703, the Examiner of Interferences held that appellee was estopped under the doctrine of res adjudicata, because of an adjudication in an opposition proceeding concerning it, and that holding was affirmed by the commissioner. Appellee did not cross appeal to this court. So, we are concerned only with registrations numbered 167,732 and 186,861 as to which the commissioner reversed the decision of the Examiner of Interferences.

Number 167,732 comprises the word "Caruso", printed in fanciful type, together with what purports to be a picture of Mr. Caruso inscribed with his autograph. It was granted May 8, 1923, on an application filed December 8, 1921, and recites the use of the mark "since November 21, 1921," for "Canned Peeled Tomatoes and Tomato Paste." No. 186,861, granted July 22, 1924, on an application filed August 26, 1922, comprises 'the words "Enrico Caruso" in fanciful arrangement. The certificate recites the use of this mark "since July, 1921", for "Fish Preserved in Oil, Canned Vegetables, Rice, Coffee, Tea."

Appellee's petition for cancellation was based upon two registrations numbered, respectively, 122,003 and 149,825. The first of these consists of the words "Enrico Caruso," seemingly in autographic form. It was issued June 18, 1918, upon an application filed January 24, 1918, in which its use was alleged "since March 30, 1917," for "macaroni, vermicelli, and noodles." The second embraces the name and a photograph of Mr. Caruso, together with certain disclaimed matter. It was issued December 27, 1921, upon an application filed March 22, 1921, use of it on "packages and boxes" containing "macaroni" being alleged "since May 25, 1920."

The Examiner of Interferences pointed out that "some resemblances and some differences" are contained in the marks used by the respective parties, and that the goods of the respective parties are "specifically different but all are foods." He did not, however, rest his decision, dismissing the petition for cancellation, upon the differences in the marks coupled with the difference in species of the goods, as is sometimes done where the right of registration arises in ex parte or opposition proceedings. His decision rested rather upon a theory which was epitomized in the decision of the commissioner as follows: "The examiner of interferences was of the opinion that in 1921 and 1922, when respondent's [appellant here] applications were filed, these goods and respondent's would have been held to be of different descriptive properties, and that for the purposes of this proceeding respondent was therefore "entitled to the use of the mark at the date of his application for registration thereof." There being no claim of nonuse or abandonment, the examiner thus concluded that the Patent Office is without jurisdiction under the statute to cancel respondent's registrations, and dismissed the petition.

The commissioner took the view that the goods covered by the involved registrations and the goods to which appellee applies its mark "are unquestionably of the same descriptive properties within the meaning of the Trade-Mark Act [15 U.S.C. A. § 85(b)] as now construed by the courts, and earlier rulings indicating a contrary view must be regarded as overruled."

The decision of the Examiner of Interferences was rendered February 8, 1938, and that of the commissioner September 27, 1938. In the decision of the latter, reference was made to his decision of April 8, 1938 (subsequent to that of the former in this case), in the case of Dwinell-Wright Co. v. White House Milk Products Co., 490 O.G. 975, 37 U.S.P.Q. 339, with the statement that the legal question considered in that case was the same as the one here involved, and the following was quoted from his decision in that case:

"That canned milk must today be regarded as merchandise of the same descriptive properties as both tea and coffee is clear beyond argument. See Joseph Tetley & Co. v. Bay State Fishing Co., 82 F.2d 299, 23 C.C.P.A.[Patents] 969, and cases there cited. The examiner of interferences was of the opinion, however, that in view of certain rulings cited in his decision these goods would not have been so regarded by the Patent Office in 1918, and that respondent was therefore entitled to use and register its trade mark when its application was filed. He thus concluded that the Office is without jurisdiction under the statute to cancel the registration.

"I am unable to adopt the examiner's reasoning. The goods are the same now as they were in 1918, as is also the language of the statute. If confusion is now likely to result from the concurrent sale of canned milk and coffee under identical trade marks that likelihood was necessarily present when respondent filed its application. Respondent's registration should have been refused because the mark was owned, registered and in use by petitioner, and 'appropriated to merchandise of the same descriptive properties,' when respondent's application was filed. Any views to the contrary then entertained in the Patent Office have since proved to be erroneous; and surely such administrative error cannot be said to have conferred upon respondent the right to use petitioner's trade mark."

Following the reasoning as stated, the commissioner rendered his decision in the instant case.

It is proper to say that the Dwinell-Wright Co. case, supra, was appealed to this court and that it is being decided concurrently, the decision of the commissioner (which was also a reversal of the decision of the Examiner of Interferences) being affirmed. White House Milk Products Co. (White House Milk Co., Inc., Assignee, Substituted) v. Dwinell-Wright Company, 111 F.2d 490, 27 C.C.P.A., Patents, ——.

It is proper to say further that the question of laches, one of the prominent questions in the Dwinell-Wright Co. case, supra, was not raised by appellant in the instant case.

Appellant's contentions before us rest largely upon the basis of its claimed right to use the marks under what it asserts to have been the state of the law as the trade-mark registration statute was being construed by the various administrative and judicial tribunals having occasion to pass upon it at the time its registrations were secured.

This question was present in the Dwinell-Wright Co. case, supra, and has been fully considered. It is unnecessary to add to what is said concerning it in our decision there.

A phase of the case dwelt upon at some length in the brief on behalf of appellant is that growing out of the permission given it by Mr. Caruso to use his name and portrait on its goods.

It appears as a matter of fact that Mr. Caruso granted permission to each of the parties to use his name and picture in connection with the particular goods on which they were used, and appellant presents the view that, by reason of the permission so granted, its right to retain the registration became fixed. As is said in the decision of the commissioner, "Obviously this position is untenable." The right to *use* his name was a matter within Mr. Caruso's control, but the right to *register* it is controlled by the statute. A person may not even register, as a technical trade-mark, a facsimile of his own name for use in his own business when such registration would result in confusion in trade. J. B. Williams Co. v. Ernest W. Williams, 48 F.2d 398, 18 C.C.P.A., Patents, 1133.

It is our view that the commissioner reached the correct conclusion and his decision is affirmed.

Affirmed.